# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

July 31, 2023

Mr. Michael L. McConnell
Middle District of Louisiana, Baton Rouge
United States District Court
777 Florida Street
Room 139
Baton Rouge, LA 70801

     No. 22-30483   Fontenot v. Bd Supr LA State Univ
                    USDC No. 3:20-CV-8

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                        Sincerely,

                                        LYLE W. CAYCE, Clerk

                                        By: _____
                                        Allison G. Lopez, Deputy Clerk
                                        504-310-7702

cc:   Mr. G. Karl Bernard
       Ms. Phyllis Esther Glazer
       Mrs. Dawn Mire

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 7, 2023
Lyle W. Cayce
Clerk

No. 22-30483

_____

Tellin Fontenot,

*Plaintiff—Appellant,*

versus

Board of Supervisors of Louisiana State University,

*Defendant—Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-8

_____

Before Elrod, Ho, and Wilson, *Circuit Judges.*

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

Certified as a true copy and issued
as the mandate on Jul 31, 2023

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2023

Lyle W. Cayce
Clerk

# United States Court of Appeals
## for the Fifth Circuit

_____

No. 22-30483
_____

Tellin Fontenot,

*Plaintiff—Appellant*,

*versus*

Board of Supervisors of Louisiana State University,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-8

_____

Before Elrod, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

    Plaintiff Fontenot worked in admissions for a satellite branch of Louisiana State University. After being passed over for several promotions and being transferred to another department, Fontenot filed a discrimination charge with the Equal Employment Opportunity Commission. She then sued the University under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–34, and a state-law analogue, the Louisiana Age

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Discrimination in Employment Act (LADEA), La. Stat. Ann. § 23:311 (1999). Because all of Fontenot's claims are either abandoned or prematurely brought, we AFFIRM the district court's granting of summary judgment for LSU.

I

Fontenot began working in the Division of Admissions and Recruiting at LSU when she was 49 years old. She applied for several promotions but did not receive them. About a year into her employment, Fontenot's recruiting role was converted to half-time. This caused her to spend the other half of her time at the University Registrar's Office. One year later, her admissions position was eliminated entirely, due to changing University recruitment strategies. Fontenot was transferred to a position with identical title, pay, and benefits in the Division of Student Engagement.

Dissatisfied with this, Fontenot filed a charge of discrimination with the EEOC and resigned several months later. In her EEOC charge, Fontenot checked the boxes for age and race discrimination. She did not check the boxes for retaliation or any other kind of unlawful treatment. The EEOC did not make a determination as to whether any statutes were violated, but it issued Fontenot a right-to-sue letter. Fontenot then filed a petition for damages in Louisiana state court, alleging discrimination based on age (but not race).

LSU removed the case to federal court and requested summary judgment on all claims. The district court granted that motion, dismissing Fontenot's federal ADEA claims with prejudice and dismissing Fontenot's state-law LADEA claims without prejudice. Fontenot timely appealed.

II

This court reviews "grants of summary judgment *de novo*, applying the same standard as the district court." *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2022). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When ruling on a motion for summary judgment, we are required to review all inferences in the light most favorable to the nonmoving party." *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 394 (5th Cir. 2014).

There are no genuine factual disputes because under the Middle District of Louisiana's local rules, Fontenot admitted to LSU's statement of undisputed facts. *See* M.D. La. LR 56(f).

III

A

"A plaintiff abandons claims when [she] fails to address the claims or oppose a motion challenging those claims." *Terry Black's Barbeque, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022). In opposing summary judgment, Fontenot did not respond to LSU's defenses against her federal ADEA claims or state LADEA failure-to-promote claim, so the district court held that those were abandoned. On appeal, Fontenot does not challenge the district court's dismissal of those abandoned claims. Therefore, Fontenot's only remaining claims are for retaliation and constructive discharge, both brought under the LADEA.

B

Before suing for retaliation and constructive discharge under the LADEA, Fontenot was required to provide LSU with 30 days' written notice. La. Stat. Ann. § 23:303(C) (2008). She did not do this.

"Louisiana state and federal courts applying Louisiana law have held the filing of an EEOC charge of discrimination satisfies" Louisiana's notice requirement. *Johnson v. Hosp. Corp. of Am.*, 767 F. Supp. 2d 678, 700 (W.D. La. 2011) (collecting cases). But they have held that such notice is limited "to the alleged discrimination detailed in the EEOC charge." *Id.* To determine whether an EEOC charge provides sufficient notice under section 23:303, Louisiana courts analogize to the exhaustion of administrative remedies in federal employment-discrimination cases. *King v. Phelps Dunbar, L.L.P.*, 743 So. 2d 181, 187 (La. 1999). And in that context, we have held that discrimination claims are distinct from retaliation or constructive discharge claims, so the allegation of one in an EEOC charge does not exhaust a plaintiff's remedies as to the other. *See Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998).

The question before us, then, is whether Fontenot's EEOC charge put LSU on notice of Fontenot's intention to sue for retaliation and constructive discharge. The first hurdle is that Fontenot did not check either the "retaliation" or "other" boxes on the EEOC charging form. This procedural formality is not fatal, however, so long as the written portion of the charge could have put LSU on notice. *See Clark v. Auger Servs., Inc.*, 443 F. Supp. 3d 685, 708 (M.D. La. 2020). The entirety of the written portion of Fontenot's EEOC charge is as follows:

> I began my employment with Louisiana State University of Alexandria on March 21, 2016, most recently as an Enrollment Specialist, earning $32,000 per year. On July 21, 2017 I applied for a promotion as Senior Associate Director of Admissions and Recruiting. On July 25, 2017, I was called for a phone interview. I was not selected for promotion and I feel the questions asked of me were geared to me not getting the job. Ms. Kateline Nichols, WF, was hired. She has less qualifications tha[n] I do. Previously I had applied for several

promotions and I had not been selected either. The person hired are younger, white employees who have less qualifications than I do.

On March 12, 2018, I was told that my job would be eliminated and that I would need to move into another Department. I was told this by my Supervisor, Shelley Gill, WF, and Amond Hammond, Interim Vice Chancellor of Academic Affairs. If I did not accept the transfer I would not have a job. I was to be the Student Engagement Retention Specialist. On March 13, 2018, I met with Mr. Moore, BM, who was the Vice Chancellor of Student Engagement. Mr. Moore told me if he had to advertise the job, he would not select me. Ms. Abbey Baine, WF, 30's, and Mr. Moore would write out my new job description. Ms. Baine, was on my initial hiring committee. They scheduled me to meet with them again on March 28, 2018. On March 27, 2018, Ms. Gill informed me that they would be taking my computer and I was to report to my new job on April 2, 2018. On April 5, 2018, Mr. Moore informed me that my start date would reflect March 28, 2018.

According to the company, I did not get my promotions because the committee said they had initially hired someone in my similarly protected as me. I believe that I have been discriminated against because of my race (B) in violation of Title VII of the Civil Rights Act of 1964, as amended; and because of my age (50) in violation of The Age Discrimination in Employment Act of 19676, as amended.

No part of these facts suggests that Fontenot ever lodged a formal or informal complaint that she could have been retaliated against for making. Nor do the facts suggest that LSU created such a hostile environment that Fontenot was forced to resign, as would be required to support a constructive discharge claim. Fontenot did not introduce any other EEOC documents, such as an intake questionnaire or investigation notes. And Fontenot presented no evidence that the EEOC took her charge and investigated for

retaliation. Fontenot also never amended her EEOC charge, nor did she seek leave to amend her complaint.

Instead of arguing that her EEOC charge itself provided LSU with notice, Fontenot's sole argument is that LSU should be charged with constructive notice of anything that could be included in "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). Fontenot's reliance on that standard is mistaken.

In *Sanchez*, we allowed an amended complaint to relate back to the original, even though the amended complaint included new allegations of national-origin discrimination. But this was only because "the facts alleged in the complaint, and upon which *both* charges of sex and national origin discrimination were based, were identical." *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 247 (5th Cir. 1985) (discussing *Sanchez*). *Sanchez* does not allow a plaintiff to avoid exhausting administrative remedies when his or her EEOC charge "raise[s] different theories of recovery" and relies on different facts. *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003).

The same conclusion follows for providing notice under section 23:303 of the Louisiana Revised Statutes. An EEOC charge cannot provide an employer with proper notice when the later-filed complaint adds "a new and independent charge . . . and new and independent facts to support this claim." *Hornsby*, 777 F.2d at 247. "The consistent holdings in the case law indicate that the statute is to be imposed literally and any deficiency to the notice requirement is fatal to the plaintiff's claim." *Miguel v. GEICO Gen. Ins. Co.*, 207 So. 3d 507, 511 (La. Ct. App. 2016).

\* \* \*

The district court properly granted summary judgment for LSU. Accordingly, we AFFIRM.